*966 OPINION.
TRÁmmell
: On one of the issues involved, that is, with respect to the amounts expended in building up a circulation structure, no competent testimony was offered and consequently no finding of fact was made with respect thereto.
With respect to the amount to be included in invested capital on account of the acquisition of the Associated Press franchise by the taxpayer in exchange for shares of its capital stock, the evidence discloses that the taxpayer issued its stock for the franchise. It also appears that at the time of the acquisition thereof the individuals who had acquired it made a segregation of the franchise from the other assets, and when they turned over the assets to the corporation they assigned a value of $10,000 to the franchise and it was their intention to allocate that amount of stock thereto. The individuals who purchased the assets of the two newspapers which were turned over to the taxpayer paid about $47,500 for the assets, including the franchise. The franchise was the principal thing which they desired. This is evidenced by the fact that most of the machinery, fixtures and equipment which they acquired were abandoned and scrapped and were replaced by new and more modern machinery, equipment and fixtures very soon after the organization of the taxpayer corporation. The two individuals, when they acquired the assets of the two newspapers, had in mind the organization of the corporation to take over the assets and they turned them over to the corporation for stock of the same par value as the consideration they had paid therefor. Approximately one year after the organization of the company this stock sold on the open market at par.
From a consideration of all the evidence we are of the opinion that the Associated Press franchise acquired by the taxpayer for stock had a value of not less than $10,000 and that amount should be included in invested capital on account of the acquisition of such franchise.
Without restating the facts relating to the accounts of the two officers, we are of the opinion, considering all the facts, that the amounts represented accounts receivable and should be included in invested capital.
On the jurisdictional question raised by the Commissioner with respect to the years 1917 and 1918, it is our opinion that we have no jurisdiction to determine whether the over assessments for those years should be increased, it appearing that the Commissioner has not asserted a deficiency for either of those years. See Appeal of R. P. Hazzard Co., 4 B. T. A. 150.
The taxpayer in its petition alleged that invested capital was overstated by $2,142.86 on account of depreciation which had not *967 been deducted. It is also conceded by the Commissioner that invested capital should be increased by $451.57 on account of the fact that the Commissioner computed the income and profits taxes for 1917 in excess of the amount properly due.
The Commissioner in his answer also admitted that invested capital for 1919 was understated by $1,063.97 representing additional income tax for 1917 which had been erroneously deducted twice from invested capital for 1919.

Order of redetermination will be entered on 10 days' notice, under Bule 50.